IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS C. WELLER, JR.,** )<br>)<br>     **Plaintiff,** )<br>v.                                                                    )       Civil Action No. 08-00240-CG-C<br>)<br>**VAN P. FINGER,** )<br>)<br>     **Defendant.** ) | |

## ORDER

This matter is before the court on plaintiff's motion in limine to exclude evidence concerning a Rotary Club fishing trip (Doc. 106), and defendant's motion in limine to exclude evidence concerning the condition of a company truck which defendant returned to plaintiff's company (Doc. 100). Both of these motions are somewhat related, and the court deems the relevance the evidence addressed by both motions to be too attenuated to the issues of this defamation lawsuit to permit the introduction of the evidence. Both motions are **GRANTED.**

It appears from the motions filed by both parties that the evidence in this case will show that the relationship between plaintiff and defendant began to deteriorate shortly after plaintiff became a major shareholder in a company formerly owned by the defendant. In mid-2004, defendant eventually sold plaintiff all stock in the company, but only after a lawsuit over the valuation of the stock was settled. Defendant resigned his position at the company, and returned his company truck to plaintiff's company. Plaintiff alleges that when returned, the truck had significant body damage and exterior scratches, the interior of the truck was filthy, and the bed of the truck was filled with trash and debris.

Some six months later, in December 2004, a local Rotary Club held a silent auction. Plaintiff's company donated a 6-person deep sea fishing trip on board plaintiff's boat to be

auctioned off for the event.  Defendant purchased the fishing trip at the auction for $1,050, intending to donate it to the Palmer Home for Children for their use.  Upon learning that the defendant had purchased the fishing trip, the plaintiff withdrew the use of the vessel for the trip, and donated $1,250 to the Rotary Club to cover the bid that had been made.  There is no evidence that Plaintiff had any knowledge that Defendant did not buy the fishing trip for his own use, or that he intended to donate it to a children's home.  Plaintiff claims he withdrew the use of the boat because he had seen the condition of the company truck when the defendant returned it, and did not want the defendant on his boat.

The court views the fishing trip incident only marginally relevant to the issues to be decided in this case.  The fact that plaintiff withdrew the fishing trip knowing only that the defendant had purchased it perhaps bears on the animosity between the parties, which may make malice, or ill will more likely.  However, it is plaintiff that has the burden of showing malice and it is the plaintiff that wishes to exclude this evidence because the danger of unfair prejudice outweighs any probative value.   Because there is no evidence that plaintiff knew the intended recipient of the fishing trip-- the children's home – the fact that he withdrew the trip and covered the expense to the Rotary Club has no relevance to plaintiff's reputation or character.

Because the court grants the motion in limine concerning the fishing trip (Doc. 106), it likewise grants the motion in limine concerning the condition of the company truck (Doc. 100), which evidence was relevant only insofar as its relation to the reason for cancelling the use of the boat for the fishing trip.

**DONE** and **ORDERED** this 7th day of December, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE