# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS C. WELLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-00240-CG-C |
| | ) |
| VAN P. FINGER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on defendant's motion for judgment as a matter of law as to attorney's fees (Docs. 151, 156), defendant's motion to alter, amend or vacate judgment regarding attorney's fees (Doc. 152), defendant's motion to vacate the award of punitive damages (Doc. 154), plaintiff's responses (Docs. 164, 165), and defendant's motion to stay execution of judgment pending ruling on post-trial motions (Doc. 166). The court finds that defendant's motions for judgment as a matter of law and to vacate should be denied.

Defendant seeks to have this court set aside the jury's verdict with regard to both attorney's fees and punitive damages. Defendant first argues that the complaint did not assert a claim for, or make any reference to, attorney's fees. Under Georgia law, attorney's fees are generally not allowed unless "the plaintiff has specially pleaded and has made prayer therefor" or "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." GA. CODE § 13-6-11. Plaintiff points out that, in his supplemental initial disclosures, plaintiff requested that he be awarded "costs and attorneys' fees to redress Defendant's bad faith and malicious conduct both prior to and during the course of this

1

litigation." (Doc. 164-1). Additionally, in plaintiff's supplemental response to interrogatories, plaintiff stated that his claimed damages he sought to recover included "the counsel fees he incurred to address Defendant Finger's tortious conduct." (Doc. 164-2, ¶ 22). Plaintiff again asserted his claim for attorney's fees in the parties' joint pretrial document. (Doc. 93, p. 25). Defendant did not raise his contention that plaintiff had failed to plead a claim for attorney's fees prior to trial.[1] Defendant filed no motions addressing this issue prior to trial and did not raise the issue during the pretrial conference. As such, plaintiff argues that defendant has waived any objection to the attorney's fees based on plaintiff's failure to properly plead.

In the Order on Pretrial Conference, this court stated that the order which incorporated the parties' Joint Preliminary Pretrial Document (Doc. 93), "constitutes the final statement of the issues involved in this action." (Doc. 96, ¶ C). "Dispositive legal issues that are not contained in the parties' Joint Pretrial Document, or in any amendments to that document expressly permitted by order of the court, will not be considered." (Id.). No amendments to the Joint Pretrial Document were requested and concomitantly none were permitted by the court. Thus, defendant's failure to include the attorney's fee issue in the Joint Pretrial Document is sufficient reason for this court to refuse to consider defendant's motions regarding plaintiff's failure to properly plead attorney's fees.

Plaintiff also argues that the motion should not be considered because defendant did not

---

[1] The court notes that defendant did note Georgia law regarding attorney's fees in the joint proposed pretrial document. Defendant included the following as his Thirteenth Affirmative Defense in his listing of defenses: "Unless authorized by a statute, an award of attorney fees and expenses of litigation is not available to the prevailing party [see Ga. Proc. Verdict §7:2; 4 Ga. Proc. Verdict & Judgment §7:27; Padilla v. Padilla, 646 S.E. 2d 672 (Ga. 2007)]." However, defendant did not raise an objection to the adequacy of plaintiff's claim of attorney's fees .(Doc. 93, p. 12).

move for judgment as a matter of law based on plaintiff's failure to properly plead attorney's fees, before the matter was submitted to the jury. "A motion under Rule 50(b)[2] is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, --- U.S. ----, 128 S.Ct. 2605, 2617 n. 5, 171 L.Ed.2d 570 (2008) (citation omitted). Likewise, a motion to alter or amend a judgment under Rule 59(e) is not a proper vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (citation omitted); see also Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (motions for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment") (citation omitted); Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (same); Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (similar); American Home Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"). The Eleventh Circuit has stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997); see also Russell Petroleum Corp. v. Environ Products, Inc., 333 F.Supp.2d 1228, 1234 (M.D.Ala. 2004) (relying on Mays to deny motion to reconsider based on new arguments). Rather, the law of this Circuit is unambiguous that "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." United States v. Marion, 562 F.3d 1330, 1335 (11th Cir. 2009)

---

[2] Although defendant does not expressly state the Rule under which his motion is brought, Rule 50(b) concerns motions for judgment as a matter of law filed after the entry of judgment. FED. R. CIV. P. 50(b).

3

(citation omitted); see also Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (similar). Simply put, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Gipson v. Mattox, 511 F.Supp.2d 1182, 1185 (S.D. Ala. 2007) (citation omitted).

Defendant orally moved for judgment as a matter of law during the trial, but when asked by the court to state the grounds for his motion, defense counsel did not mention any issue regarding attorney's fees. Defendant's counsel stated: "It's the standard – tracks Georgia law about slander per se, their burden of proof, which is to show an intent to injure and to prove malice. And that's what it's directed to." (Doc. 164-3, p. 696). However, defendant filed written motions for judgment as a matter of law, which included the assertion that defendant is entitled to judgment as a matter of law "regarding the claims for attorney fees on behalf of Thomas C. Weller, Jr. pursuant to the provisions of Rule 50 of the Federal Rules of Civil Procedure as it affirmatively appears that Thomas C. Weller, Jr. did not properly plead attorney's fees as required by Georgia law." (Doc. 146, ¶ 17; Doc. 147, ¶ 17). Thus, although the attorney's fees issue was not pointed out to the court when counsel was asked to state the grounds for his motion, defense counsel did generally assert the grounds in writing under Rule 50(a) before the case was submitted to the jury.

Nevertheless, the court finds that waiting until the close of plaintiff's case, was too late to raise the issue since defendant had ample opportunity to raise the issue earlier and failed to include the issue in the Joint Pretrial Document. Defendant's listing of the issue in his Rule 50(a) motion is an insufficient basis for this court to overturn the jury's verdict. The court notes

4

that, as pointed out by plaintiff, defendant neither objected to the jury charges relating to plaintiff's claim for attorney's fees nor objected to the jury verdict form which specifically asked the jury to determine whether plaintiff is entitled to recover attorney's fees. (Doc. 148, p. 40). In fact, the attorney's fee portion of the verdict form was the same as that proposed by the parties in their "joint verdict form" which was submitted to the court prior to trial. (Doc. 135). The court also notes that plaintiff asserts that he did, in fact, properly plead a claim for attorney's fees by alleging that defendant engaged in tortious conduct in bad faith and by including the claim in his Rule 26(a) disclosures. Additionally, plaintiff argues that if defendant had timely objected, plaintiff could have amended his complaint to specifically state a claim for attorney's fees. The court does not find it necessary to address these arguments as the court finds defendant waived or abandoned the issue prior to trial and the court will not set aside the jury's verdict based on defendant's post-trial argument.

As to defendant's motion to vacate the jury's award of punitive damages, the court finds that motion should also be denied. The jury returned a verdict in the sum of $100,000.00 for compensatory or nominal damages and in the sum of $300,000.00 for punitive damages. Defendant argues that under GA. CODE § 51-12-6, punitive damages should not be awarded in a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff. However, defendant did not assert an objection to punitive damages based on GA. CODE § 51-12-6 in the parties' Joint Pre-trial Document, and as previously discussed, the court will not consider issues that were not included in the Joint Pre-trial Document.[3] It could be argued that it

---

[3] In the Joint Pre-trial Document, defendant did assert a defense regarding punitive damages. However, defendant did not assert a defense based on GA. CODE § 51-12-6. Defendant asserted a "Fourteenth Affirmative Defense" stating that "[p]unitive damages may not

was not known until the close of plaintiff's case whether the damage evidence would indicate that the injury was only to plaintiff's peace, happiness, or feelings. However, defendant also did not object to the jury charges relating to punitive damages and did not object to the verdict form which asked the jury to fill in the amount of punitive damages to be awarded and asked the jury whether they found that the defendant acted with the specific intent to harm the plaintiff. (Doc. 148, p. 40). Moreover, § 51-12-6 does not preclude recovery of punitive damages in the instant case because there was evidence that the plaintiff suffered damaged other than to his "peace, happiness, or feelings." There was evidence at trial that defendant caused injury to plaintiff's reputation. The testimony did not prove a particular quantity of damage,[4] but indicated that defendant had made defamatory statements to plaintiff's employees and colleagues in an attempt to hurt plaintiff's reputation and business. Under Georgia law, damages are inferred in defamation cases where the defendant allegedly made statements "in reference to [plaintiff's] trade, office, or profession, calculated to injure him therein." GA. CODE § 51-5-4. "This type of defamation is actionable per se and damage is inferred." Strange v. Henderson, 223 Ga.App. 218, 219, 477 S.E.2d 330, 332 (Ga.App. 1996) (citations omitted). Because there was evidence of injury to plaintiff other than to his "peace, happiness, or feelings," § 51-12-6 does not preclude recovery of punitive damages.

Defendant argues that if the court allows punitive damages, that the punitive damages

---

be awarded under Georgia law in a slander claim unless there is proof by clear and convincing evidence that the actions of the defendant showed willful misconduct <u>and</u> malice." (Doc. 93, p. 12).

[4] In fact, plaintiff testified that "We'll never [know] what the damages are, or it will take several years [to know] how many people he has actually talked to and what he has actually said..." (Doc. 165-1, pp 8-9).

6

should be capped to a maximum of $250,000.00 under GA CODE § 51-12-5.1 because there was no evidence in the record to support the jury's finding of specific intent to cause harm. Section 51-12-5.1 caps the amount of punitive damages that can be awarded in non-product liability cases unless it is found:

> that the defendant acted, or failed to act, with the specific intent to cause harm, or that the defendant acted or failed to act while under the influence of alcohol, drugs other than lawfully prescribed drugs administered in accordance with prescription, or any intentionally consumed glue, aerosol, or other toxic vapor to that degree that his or her judgment is substantially impaired

GA. CODE. § 51-12-5.1 (e),(f),(g). The jury in this case specifically found that "the defendant [did] act with the specific intent to harm the plaintiff." (Doc. 148, p. 40). A judge should only set aside a verdict when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." See Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). "The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." United States v. Martinez, 763 F.2d 1297, 1312-1313 (11th Cir. 1985)(citation omitted). Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313.

A review of the testimony in this case reveals ample evidence demonstrating defendant's animosity towards the plaintiff. Several witnesses testified about the malicious and vicious nature of the defendant's statements. Witnesses testified that they were startled, bewildered, and shocked by the viciousness of defendant's statements. The court finds that the nature of the alleged statements and the circumstances under which they were made clearly indicated an intent to harm. Thus, the jury's finding of specific intent to cause harm was not against the clear

weight of the evidence, and it would not be a miscarriage of justice to let the verdict stand.

## **CONCLUSION**

For the reasons stated above, defendant's motion for judgment as a matter of law as to attorney's fees (Doc. 151, 156), defendant's motion to alter, amend or vacate judgment regarding attorney's fees (Doc. 152), and defendant's motion to vacate the award of punitive damages (Doc. 154), are **DENIED**.

Since the court has now ruled on the above motions, the court finds that defendant's motion to stay execution of judgment pending ruling on post-trial motions (Doc. 166) is **MOOT**.

**DONE and ORDERED** this 9th day of March, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE