**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **THOMAS C. WELLER, JR.,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 08-0240-CG-C |
| **VAN P. FINGER,** | ) |
| **Defendant.** | ) |

## **ORDER**

This matter is before the court on the Declaration of Russel Myles in support of attorney's fees and expenses (Doc. 161), plaintiff's supplemental Declaration of Russel Myles with regard to fees incurred in connection with post-trial motions (Doc. 170-1), the affidavits of Celia Collins ( Doc. 163-1) and C. Robert Gottlieb Jr.(Doc. 163-2) which opine that the attorney's fees requested are not reasonable, the billing records submitted by plaintiff's counsel under seal (Doc. 192), plaintiff's motion to retax costs (Doc. 175), defendant's response in opposition to plaintiff's motion to retax costs (Doc. 178), plaintiff's reply (Doc. 185), and the submission by plaintiff's counsel of the billing records relating to this case (Doc. 192). For the reasons discussed below, the court finds that some of the attorney's fees claimed are not recoverable, but that plaintiff is entitled to $359,667.10 in attorney's fees. The court further finds that costs should be retaxed in the total amount of $25,644.23 ($2,326.84 taxed by the Clerk plus $23,317.39 retaxed by the court).

**I. Attorney's Fees**

Plaintiff's counsel states that the total fees and expenses plaintiff incurred up through the trial are $361,479.81, representing 1,877.77 total hours of work at a rate of $250/ hour for Mr. Myles' time, $180/ hour for Ms. McClurkin's time, and $90/ hour for a paralegal's services. Mr. Myles' supplemental Declaration states that his firm expended an additional 59.5 hours on post-trial issues and incurred additional expenses in the amount of $1,770.00 after trial for a total additional expenditure of fees and expenses in the amount of $12,709.00. The total amount of fees sought is $372,418.81 ($361,479.81 + $10,939.00). Plaintiff also attached to Mr. Myles' Declaration, the affidavit of attorney John N. Leach who opined that the fees claimed by plaintiff's counsel are reasonable.

In Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and reasonable hourly rate." See ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The court notes that "district courts are vested with authority to take into consideration such factors as it deems appropriate in determining the amount of reasonable attorney's fees to be awarded." Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1167 (S.D. Fla. 2003) (quoting Haworth v. State of Nevada, 56 F.3d 1048 (9th Cir. 1995) internal quotations omitted). "If applicants do not exercise billing judgment, courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." Id. (citing ACLU v. Barnes, 168 F.3d at 428.).

Defendant filed two affidavits which opine that the fees sought by plaintiff are excessive. Although Ms. Collins admits that the hourly rates charged were reasonable, she contends that the billing records suggest duplication and/or redundancy of efforts, that time was expended on activities not in direct prosecution of this action, that an unreasonable amount of time was spent preparing witnesses for deposition, and that the number of hours spent preparing for trial was unreasonable for this single plaintiff, single defendant case. Ms. Collins opines that she expended considerably less time on similar cases and that the appropriate range for this case through trial should be between $175,000.00 and $225,000.00.

Mr. Gottlieb states that he only expended 646.4 hours representing the defendant. Mr. Gottlieb contends that a reasonable fee for this case would be between $133,320 and $160,000, representing the typical contingency fee that is commonly charged for slander cases. Mr. Gottlieb contends that the fee statements indicate that some of the amounts charged should not be charged with this action.

Defendant does not point out the specific entries and amounts to which he objects. The court notes that plaintiff's counsel apparently required persons who viewed the billing records to determine their reasonableness to sign a confidentiality agreement before viewing the billing records. Therefore, the affidavits opposing the reasonableness of the fees could not divulge details from the billing records. The billing records have now been filed with the court under seal. As such, the court will try to limit any reference to the specific amounts and other details of the billing records whenever possible.

The court has reviewed the billing records and finds that some of the entries are for time expended on activities other than the prosecution of this action. In particular, the court finds that plaintiff's counsel expended time relating to certain internet postings concerning the plaintiff

that, although related, were not necessary to this action. Although the internet postings were relevant to this case, counsel's actions to determine the legality of the postings and to seek a retraction of them were not necessary for the prosecution of this case. The court finds that the entries listed in the table below indicate they were expended at least in part on work that was not necessary for the prosecution of this case. After reviewing the entries and considering what portion of each entry represented unnecessary work, the court finds that that the amounts listed in the last column of the table below are all that should be recoverable for those entries.

| Date | Initials | Hours | Rate | Amount | Source | Portion allowed |
|---|---|---|---|---|---|---|
| 12/18/08 | ALS | 1.10 | $175 | $192.50 | (Doc. 192-1, p. 29) | $0.00 |
| 12/19/08 | ALB | 1.60 | $90 | $144.00 | (Doc. 192-1, p. 30) | $9.00 |
| 12/19/08 | ALS | 5.90 | $175 | $1,032.00 | (Doc. 192-1, p. 30) | $516.00 |
| 12/22/08 | ALS | 4.80 | $175 | $840.00 | (Doc. 192-1, p. 30) | $420.00 |
| 12/22/08 | PRM | 1.20 | $250 | $300.00 | (Doc. 192-1, p. 30) | $50.00 |
| 12/30/08 | ALS | 4.60 | $175 | $805.00 | (Doc. 192-1, p. 31) | $700.00 |
| 2/18/09 | PRM | .70 | $250 | $175.00 | (Doc. 192-1, p. 38) | $0.00 |
| 2/18/09 | ALS | .70 | $175 | $122.50 | (Doc. 192-1, pp. 38-39) | $0.00 |
| 2/19/09 | ALS | 2.80 | $175 | $490.00 | (Doc. 192-1, p. 39) | $455.00 |
| 1/19/09 | PRM | 5.70 | $250 | $1,425.00 | (Doc. 192-1, p. 50) | $1,250.00 |
| TOTAL | | | | $5,526.00 | | $3,400.00 |

Thus, the court finds that $2,126.00 ($5,526.00 minus $3,400.00) of the attorneys fees claimed are not recoverable because they were not necessary to the prosecution of this case.

The court also finds that a billing entry for 1.10 hours on December 29, 2008, described only as "Work on case" and an entry on December 23, 2008, for 2.50 hours described as "Work on case development" are too vague to support an attorney's fee award. (Doc. 192-1, p. 31). Additionally, an entry on February 8, 2009, for .70 hours has been completely crossed out or redacted, such that the court cannot determine whether it is reasonable. (Doc. 192-1, p. 37). Because there is no explanation or description of the work done for this entry, the court finds it is not properly supported. Thus, $1,075 (4.3 hours at $250 per hour) will be disallowed.

The court notes that although Mr. Myles' affidavit in support of fees states the amounts charged for himself, his associate and his paralegal, it fails to mention that a portion of the fees were expended by other attorneys who contributed to the case. Of particular note, are three entries by two attorneys who both charged $410 per hour. (Doc. 192-1, pp 36, 86). While their work as described does not appear to be duplicative, there is no explanation supporting the need for the participation of these considerably pricier attorneys. The court finds it appropriate to award their time at the same hourly rate as Mr. Myles. Accordingly, 2.4 hours will be charged at the lower rate of $250 per hour. Thus, $384.00 of the amount claimed for these two attorneys will be disallowed.

After reviewing the billing records submitted for the period through trial, the court also finds that the billing records do not support the total amount claimed. Plaintiff's counsel states that the total fees and expenses plaintiff incurred up through the trial are $361,479.81, but the billing records only show a total of $352,313.10 charged for fees up through trial.

| Statement Date | Amount Charged for Fees | Source |
| --- | --- | --- |
| 5/22/08 | $236.50 | (Doc. 192-2, pp. 2-3) |
| 5/23/08 | $9,760.00 | (Doc. 192-2, pp. 6-7) |

| | | |
|---|---|---|
| 6/27/08 | $1,000.00 | (Doc. 192-2, p. 9) |
| 8/20/08 | $4,770.00 | (Doc. 192-2, p. 12) |
| 9/22/08 | $3,607.50 | (Doc. 192-2, p. 14) |
| 10/27/08 | $1,632.50 | (Doc. 192-2, p. 16) |
| 11/21/08 | $3,319.00 | (Doc. 192-2, p. 19) |
| 12/09/08 | $21,830.50 | (Doc. 192-2, p. 24) |
| 1/26/09 | $33,285.00 | (Doc. 192-2, p. 35) |
| 4/27/09 | $28,735.00 | (Doc. 192-2, p. 46) |
| 2/27/09 | $29,956.50 | (Doc. 192-2, p. 57) |
| 5/28/09 | $5,183.50 | (Doc. 192-2, p. 60) |
| 8/13/09 | $2,712.00 | (Doc. 192-2, p. 62) |
| 9/21/09 | $6,990.00 | (Doc. 192-2, p. 67) |
| 10/21/09 | $4,458.00 | (Doc. 192-2, p. 69) |
| 11/20/09 | $24,321.00 | (Doc. 192-2, p. 76) |
| 12/21/09 | $170,516.10 | (Doc. 192-2, p. 101) |
| TOTAL | $352,313.10 | |

It is unclear whether portions of the billing records are missing or if plaintiff has miscalculated the total. Whatever the reason, the court finds that plaintiff has not supported the total amount claimed and that only the amounts supported by the billing records should be awarded.

The court does not find that any other amounts charged are excessive. The court finds that other than the previously discussed reductions, none of the charges are duplicative, redundant, or

unreasonable, but rather represent counsel's thorough preparation for trial and representation of their client. The recoverable attorneys' fees thus consist of $352,313.10, plus $10,939.00 (fees claimed for post trial work), less $2,126.00 (fees unnecessary for the prosecution of this case), less $1,075.00 (vague and unsupported entries), less $384.00 (use of higher hourly rate attorneys), for a total fee award of $359,667.10.

**II. Costs**

The clerk taxed costs in the amount of $2,326.84. (Doc. 171). Plaintiff seeks to retax costs in the amount of $23,317.39, in addition to those already taxed by the clerk. Plaintiff's claim for costs include:

1) $15,369.22 in costs to obtain the trial transcript ($5,964.50) and printed or videotaped transcripts of the depositions of the plaintiff, the defendant, Palmer Finger, David Freeman, Xaiver Hartmann, Tami Chatwood, Debra Smith, Jenny Vick, Thomas Leavall, Jeremy Milling, Marshall Hunt, Mark Rainosek, and Frank Schmidt;

2) $3,380.97 for outside copying and printing costs (plaintiff seeks a total of $3,462.77 of which $81.80 was already taxed by the clerk);

3) $2,797.20 for miscellaneous costs for travel to interview witnesses and attend depositions ($1,535.59), Bates labeling ($163.67), and conversion of defendant's video deposition ($862.50) and a copy of Palmer Finger's deposition video ($235.44); and

4) $1,770.00 in supplemental costs incurred or billed post-trial (which includes $557.53 in expenses to meet with a witness in Atlanta, GA, for a deposition, and $1,212.47 for on-line legal research).

(Doc. 162-1; Doc. 170-1; Doc. 192-2)

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those

costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Insurance Co. v. Johnson, 982 F.Supp 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs –other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Monelus v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

8

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs that exceed those permitted by § 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Defendant first objects to plaintiff's claim for the cost of obtaining the trial transcript. Defendant concedes that the trial transcript may be properly awarded as costs on appeal, but argues that there is no authority for awarding the cost of the trial transcript for preparation of pleadings in opposition to post-trial motions. However, § 1920(2) specifically provides for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Additionally, where a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party." See, e.g., Zokaites v. 3236 NE 5th St., Inc., 2008 WL 4792451, *4-5 (S.D.Fla. Oct. 31, 2008) (citing Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642 (M.D.Fla. May 4, 2001)); U.S. Fire Ins. Co. v. Mikes, 2008 WL 616102, *3 (M.D.Fla. Mar. 3, 2008); Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co., 2007 WL 2254931, *2 (S.D.Fla. Aug. 2, 2007). Courts have found it appropriate in some cases to even award the costs of obtaining a daily transcript for use during the trial. See, e.g., Syracuse Broadcasting Corp. v. Newhouse, 319 F.2d 683, 690 (2d Cir. 1963); Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973). Plaintiff has averred that the trial transcript was necessarily obtained for use in the case and the court referred to the trial testimony in ruling on the post trial motions. As such, the court finds that plaintiff may recover the costs for the trial transcript.

Plaintiff next objects to the costs claimed for deposition transcripts and videos. Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). See U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D.Ga. 1992), aff'd, 991 F.2d 751 (Fed.Cir. 1993)). Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 621 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). "[O]btaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." Lovett v. KLLM, Inc., 2007 WL 983192, *6 (N.D.Ga. Mar. 26, 2007). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success." Ferguson v. Bombardier Serv. Corp., 2007 WL 601921, *3 (M.D.Fla. Feb. 21, 2007). The burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. W & O, Inc., 213 F.3d at 621; Helms v. Wal-Mart Stores, Inc., 808 F.Supp. 1568, 1571 (N.D.Ga. 1992) (providing that "since both parties should be aware of the reasons to take a deposition, …the non-prevailing party should explain why the court should not grant that cost"), aff'd, 998 F.2d 1023 (11th Cir. 1993). As noted by the Eleventh Circuit in W & O, Inc., 213 F.3d at 621 (citations omitted)):

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses and that "the information those people had on the subject matter of this suit was not so

irrelevant or so unimportant that their depositions were outside the bound of discovery."

See also Murphy v. City of Flagler Beach, 761 F.2d 622, 631 (11th Cir. 1985); Preis v. Lexington Inc. Co., 2007 WL 3120268, * 1-2.

Video deposition costs may also be recovered as costs under § 1920(2). The Eleventh Circuit has held that when a party notices a deposition to be recorded by non-stenographic means or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party as to the method of recordation, it is appropriate to award the cost of conducting the deposition in the manner noticed. Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460 (11th Cir. 1996); Preis v. Lexington, 2007 WL 3120268, *3 (S.D.Ala. 2007).

Plaintiff seeks to recover the transcription and video costs for deposing the plaintiff, the defendant, Palmer Finger, David Freeman, Xaiver Hartmann, Tami Chatwood, Debra Smith, Jenny Vick, Thomas Leavall, Jeremy Milling, Marshall Hunt, Mark Rainosek, and Frank Schmidt. The court finds that an award of costs is appropriate for the transcription and video costs for all of these depositions. As plaintiff points out, portions of the depositions of the defendant and Mr. Rainosek were used at trial. See W & O, Inc, 213 F.3d at 621 (providing that depositions are necessarily obtained when the deponents are on the other party's witness list or if the deposition is admitted into evidence or used during cross-examination). The plaintiff, Mr. Rainosek, and Mr. Hunt testified at trial. See Van Voorhis v. Hillsborough Bd. of County Com'rs, 2008 WL 2790244, *4 (M.D.Fla. Jul. 18, 2008) (finding deposition of witnesses who testified at trial to be necessarily obtained). Additionally, the defendant named Palmer Finger, Xaivier Hartmann, Tami Chatwood, Jeremy Milling, and Frank Schmidt as potential witnesses defendant might call at trial. (Doc. 93, pp. 22-23). The remaining deponents, David Freeman, Debra Smith, Jenny Vick, and Thomas Leavall

were identified by defendant as persons having information critical to defendant's defense. The court finds that all of the depositions were necessary to the issues in the case when the depositions was taken.

Defendant objects to the attorney travel expenses claimed by plaintiff. Under § 1920, travel expenses are not taxable costs." Gary Brown & Assocs., Inc. v. Ashdon, Inc., 268 Fed.Appx. 837, 845-46 (11th Cir. 2008); Corwin v. Walt Disney Co., 468 F.3d 1329, 1346 (11th Cir. 2006). The court notes that in civil rights cases, and under particular fee statutes, reasonable out-of pocket expenses of the kind normally charged to clients by attorneys, but not recoverable as costs under 28 U.S.C. § 1920, may be included as part of the award for attorney's fees and expenses. See Dowdell v. City of Apopka, Florida, 698 F.2d 1181, 1192 (11th Cir. 1983) ("We hold that, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988."); Misener Marine Const., Inc., v. Norfolk Dredging Co., 2008 WL 5046174 (S.D.Ga. Nov. 24, 2008) (finding that caselaw allowing recovery of travel and long distance telephone expenses was limited to the civil rights context); Lil' Joe Wein Music Inc. v. Jackson, 2008 WL 2688117, * at 14 n. 10 (S.D.Fla. July 1, 2008) (copyright case  awarding attorney's fees, reasonable out-of-pocket expenses, and taxable costs enumerated in § 1920 pursuant to 17 U.S.C. § 505); Lovett v. KLLM, Inc., 2007 WL 983192, *5 (N.D.Ga. Mar. 26, 2007) (finding that although Dowdell confirms the availability of reasonable litigation expenses including travel expenses as costs recoverable under the cost-shifting statutes in civil rights actions, Dowdell maintains the traditional limitations of Rule 54(d) and 28 U.S.C. § 1920 in other cases.); see also Williams v. R.W. Cannon, Inc., 657 F.Supp.2d 1302, 1317-1318 (S.D.Fla. 2009)(finding fees and costs recoverable under FLSA do not include mediation, postage, online research, long

distance telephone, telecopy and travel expenses). This action is not a civil rights case; however, plaintiff alleges he is entitled to "expenses" rather than merely "costs" under GA CODE § 13-6-11. Because of the contracts at issue in this case, Georgia law applied which provided that:

> The <u>expenses</u> of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

GA CODE § 13-6-11 (emphasis added). The statute uses the term expenses, rather than costs. Courts, following the language of the statute, consistently state that § 13-6-11 provides that where the prerequisites of § 13-6-11 have been met, the prevailing party is entitled to an award of litigation <u>expenses</u>. See e.g. <u>Trickett v. Advanced Neuromodulation Systems, Inc.</u>, 542 F.Supp.2d 1338, 1355 (S.D.Ga. 2008) ("Georgia law provides for the expenses of litigation to be awarded by the jury "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Ga.Code Ann. § 13-6-11."); <u>Dennis-Smith v. Freeman</u>, 627 S.E.2d 872, 874 (Ga.App. 2006) ("Under OCGA § 13-6-11, litigation expenses, including attorney fees, may be recovered where the plaintiff has specially pleaded them and where the defendant has (1) acted in bad faith, (2) been stubbornly litigious, or (3) caused the plaintiff unnecessary trouble and expense."). Claims for litigation expenses under § 13-6-11 must "be supported by evidence that the expenses were reasonable" <u>Eways v. Georgia R.R. Bank</u>, 806 F.2d 991, 992 (11th Cir. 1986). After reviewing the travel expenses claimed, the court finds that expenses were reasonable and were necessary expenses of this litigation. Therefore, the court finds that the attorney travel expenses claimed are recoverable in this action. Likewise, plaintiff's claims for computerized legal

13

research expenses, although not recoverable as costs under § 1920, are recoverable under GA. CODE § 13-6-11.

Plaintiff objects to the amount claimed for copying costs. Fees for printing and "Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(2)-(4). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623. For example, the cost of copying documents produced by an adverse party may be awardable under this rule. Id. However, "[e]xtra copies or copies prepared for the convenience of counsel are not taxable...." Biomedical Disposal, Inc. v. Mediq/PRN Life Support Services, Inc., 2007 WL 2593075 at *3 (N.D.Ga. September 4, 2007); accord Bates v. Islamorada, Village of Islands, 2007 WL 2113586 at * 18 (S.D.Fla. July 23, 2007); Pickett v. Tyson Fresh Meats, Inc., 2004 WL 3712721 at *6 (M.D.Ala. August 3, 2004) (the first copy of opponent's trial exhibits was necessarily obtained, but the second and third copies were for the convenience of counsel and not taxable).

Defendant asserts that plaintiff did not submit an itemization of the printing or copying cost per page. However, the amounts claimed are the amounts billed to plaintiff's counsel for outside copying or printing charges. The invoices are attached to plaintiff's bill of costs. (Doc. 162-1). As such, the court does not find a per page cost to be necessary.

Defendant, citing Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247 (M.D. Ala. 2000), also asserts that plaintiff failed to specify the purpose of the photocopies or explain the nature of the documents copied. In Miller, the court found that a claim for copying described only as "copying expense[s]" and "[g]eneral copying throughout file" was not sufficient documentation to demonstrate that the photocopying costs were necessary for use in the litigation. Id. at 1265.

However, a review of plaintiff's bill of costs shows that the documents printed or copied are described in some detail. For instance, $520.31 is claimed for copying of "Documents responsive to defendant's subpoena to Willamette (Plf's appraiser)." (Doc. 162-1, p. 3). While not every page is described, it is apparent what is being copied and the court finds that, without any specific objections to particular documents, the descriptions are sufficient to demonstrate that they were necessary.

Lastly, defendant objects to the Federal Express charges. However, the only Federal Express charge that appears to be included in plaintiff's claim for costs is $17.93 for the delivery of subpoenas to the process server in Nashville for the deposition of Palmer Finger. The court finds that this amount was a reasonably necessary cost which has already been taxed by the Clerk.

## **CONCLUSION**

For the reasons stated above, the court finds that plaintiff is entitled to an award of **attorney's fees** in the amount of **$359,667.10** and **costs** in the total amount of **$25,644.23** ($2,326.84 taxed by the Clerk plus $23,317.39 retaxed by the court).

**DONE and ORDERED** this 15th day of June, 2010.

　　　　　　　　　　　　　　　　　/s/   Callie V. S. Granade          
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE